IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

PETER ANDERSON,

       **Plaintiff,**

v.                                                          Case No. 1:15cv156
                                                               (Judge Keeley)

**WEST VIRGINIA DIVISION OF
CORRECTIONS; COII DUSTIN
CASSEL; CPL. DOUG WHITE;
LT. CECIL PRITT; SGT. DANIEL
JAMES; CO JOSH LANHAM;
COII TIMOTHY CUTWRIGHT;
SGT. TODD SCHELLUR**

       **Defendants.**

## REPORT AND RECOMMENDATION

      This matter is assigned to the Honorable Irene M. Keeley, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this civil action pursuant to Rules 37(d) and 41(b) of the Federal Rules of Civil Procedure because the Plaintiff has failed to prosecute this matter.

## RELEVANT PROCEDURAL HISTORY

      On September 9, 2015, the Plaintiff initiated this case by filing a *pro se* complaint against the above-named Defendants pursuant to 28 U.S.C. § 1983. On October 15, 2015, the Plaintiff filed his complaint on the court-approved form. The Plaintiff's complaint contains a number of allegations with respect to the conditions of his

confinement at the Huttonsville Correctional Center. Included within the Plaintiff's complaint are allegations that the individual Defendants failed to respond to the emergency call button located in the his cell, refused him medical assistance, refused to report his condition to a higher authority, used excessive force and sexually assaulted him.

On September 8, 2016, an Order to Answer was entered and summonses were issued for the Defendants. The summonses for Josh Lanham and Todd Schellur were returned as unexecuted.[1] On October 6. 2016, Defendants Dustin Cassell, Timothy Cutwright, Daniel James, Sidney Feaster James, Cecil Pritt and Doug White filed an Answer. ECF No. 30. On November 28, 2016, a scheduling order was entered. ECF No. 31.

On February 17, 2017, the Defendants, Dustin Cassel, Timothy Cutwright, Danial James, Sidney Feaster James, Cecil Pritt, Todd Schellur and Doug White, filed a Motion to Compel Plaintiff to Appear for Deposition in the State of West Virginia [ECF No. 36], indicating that the Plaintiff had informed counsel that he could not appear for his deposition in the State of West Virginia as he was restricted from leaving the State of Michigan as a result of the conditions of his parole. On March 2, 2017, the Defendant's Motion to Compel was granted, and the Plaintiff was directed to appear on March 29, 2017, at 10:30 a.m. on the Third Floor of the United States District Courthouse in

---

[1] Eventually, Todd Schellur authorized Suleiman Oko-ogua, counsel for the Defendants, to accept service on his behalf. The Plaintiff provided an updated address for Josh Lanham, However, service of his summons was again returned as unexecuted, and he has been dismissed as a Defendant.

Clarksburg, West Virginia.[2]  A Notice of Videotaped Deposition was subsequently prepared and filed with the Court on March 7, 2017. ECF No. 39.

On March 20, 2017, the Plaintiff filed a Motion for Video Deposition Arrangement through the U.S. District Courthouse in Clarksburg and the Michigan Department of Corrections Parole Agency in Detroit Michigan or with the U.S. District Court in Detroit, Michigan. ECF No. 41. A hearing on the motion was conducted on April 17, 2017, with the Plaintiff appearing by telephone. At the conclusion of the hearing, the Plaintiff's Motion was denied, and he was directed to appear in person for deposition on June 12, 2017 at 10:00 a.m. ECF No. 52.

On April 17, 2017, the Defendants filed an Amended Notice of Videotaped Deposition. On that same date, the undersigned issued a paperless order clarifying the time of the deposition.[3]  On June 12, 2017, the Defendants' counsel appeared at the scheduled location for the Plaintiff's deposition. Also present were the court reporter and the videographer. However, the Plaintiff failed to appear. After waiting over 35 minutes, the Defendants' counsel proceeded to note on the record the Plaintiff's failure to appear at his court-ordered deposition. ECF No. 73-1.

On June 29, 2017, the undersigned issued an Order to Show Cause, ordering the Plaintiff to respond in writing to indicate his intent to pursue this civil action and to show cause why this civil action should not be dismissed for his failure to engage in the

---

[2] The Motion to Compel was granted only after the *pro se* law clerk spoke to the parole supervisor in Michigan and was advised that with a court order commanding his attendance, the Plaintiff would be permitted to travel to West Virginia for the deposition.
[3] The original order, entered on April 17, 2017, indicated that the hearing would be conducted at 10: .

discovery process. ECF No. 75.  The Order was sent by certified mail, return receipt requested, and service was accepted on July 8, 2017. ECF No. 76. Since the issuance of the undersigned's Order to Show Cause on June 29, 2017, the Plaintiff has not filed any written response indicating his intent to pursue this litigation and has not in any way contacted the court regarding this matter.

## **ANALYSIS**

Rule 37(d) of the Federal Rules of Civil Procedure provides as follows with respect to a party's failure to attend his own deposition or respond to discovery requests:

> (1)  *In General.*
>
> (A)  *Motion; Grounds for Sanctions.*   The court where the action is pending may, on motion, order sanctions if:
>
> (i)  a party or a party's officer, director, or managing agent - or a person designated under Rule 30(b)(6) or 31(a)(4) - fails after being served with proper notice, to appear for that person's deposition; or
>
> (ii)  a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.

Fed. R. Civ. P. 37(d)(1)(A).  Upon certification that the movant has attempted to confer in good faith with the party who has failed to act, the court may order the failing party to pay reasonable expenses, including attorney's fees.  Fed. R. Civ. P. 37(d)(1)(B).

Furthermore, pursuant to Rule 37(b)(2)(B) of the Federal Rules of Civil Procedure, the district court may impose sanctions, including dismissing the case in whole or in part.  Fed. R. Civ. P. 37(b)(2)(B).  Dismissal is also authorized under Rule

41(b) of the Federal Rules of Civil Procedure, where the court finds that the plaintiff has failed to prosecute a matter or comply with the federal rules.  Fed. R. Civ. P. 41(b).  In *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989), the Fourth Circuit set forth the following factors to be considered prior to an involuntary dismissal: (1) the degree of personal responsibility of the plaintiff; (2) the amount of prejudice caused the defendant; (3) the existence of a history of deliberately proceeding in a dilatory fashion; and (4) the existence of a sanction less drastic than dismissal.  Applying the *Ballard* factors to the circumstances herein, the undersigned believes that dismissal of this case is warranted.

    First, it is clear that the Plaintiff acted in bad faith by failing to appear for his June 17, 2017, deposition despite the order instructing him to do so and an amended notice of videotaped deposition providing the exact date and time of his deposition.  Moreover, the Plaintiff failed to contact counsel for the Defendants prior to his deposition that he would not appear so as to avoid time and effort to prepare for and drive approximately two hours each way to Clarksburg, West Virginia from Charleston, West Virginia.

    Second, the Plaintiff's actions have resulted in prejudice to the Defendants.  The Plaintiff's failure to attend and submit to questions under oath has precluded the Defendants' ability to effectively defend themselves.

    Third, despite the Court's efforts to accommodate the Plaintiff's circumstances, he has willfully failed to comply with its Orders. The initial deadline for the completion of all discovery was March 31, 2017. ECF No. 31. In order to accommodate the Plaintiff's travel needs, the discovery deadline was extended to June 30, 2017. ECF No. 55.

Finally, it appears that no sanction other than dismissal is appropriate under the circumstances. It appears that the Plaintiff is no longer interested in pursuing this matter. Conversely, the Defendants have expended time and resources in an attempt to move this case forward through discovery, and the Plaintiff has not cooperated.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that the Defendants' Motion to Dismiss Pursuant to Rule 37 of the Federal Rules of Civil Procedure [ECF No. 73] be **GRANTED**, and the Plaintiff's Complaint be **DISMISSED WITH PREJUDICE**. The undersigned further recommends that Defendant Schellur's Motion to Dismiss [ECF No. 67] be **DENIED AS MOOT**.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), the parties shall have fourteen days from the date of filing Report and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to Judge Keeley.

The Clerk is **DIRECTED** to mail a copy of this Report and Recommendation to the Plaintiff by certified mail, return receipt requested, to his last known address as reflected

on the docket sheet and to transmit a copy to counsel of record. Upon entry of this Report and Recommendation, the Clerk is further **DIRECTED** to terminate the Magistrate Judge association with this case.

DATED: September 18, 2017

                                                              */s/ James E. Seibert*
                                                        JAMES E. SEIBERT
                                                        UNITED STATES MAGISTRATE JUDGE