**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**PETER ANDERSON,**

**Plaintiff,**

**v.** **CIVIL ACTION NO.: 1:15CV156**
**(Judge Keeley)**

**WV DIVISION OF CORRECTIONS; COII DUSTIN CASSEL; CPL. DOUG WHITE; LT. CECIL PRITT; SGT. DANIEL JAMES; COII SIDNEY FEASTER JAMES; CO JOSH LANHAM; COII TIMOTHY CUTWRIGHT; AND SGT. TODD SCHELLUR,**

**Defendants.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 77] AND DISMISSING § 1983 COMPLAINT WITH PREJUDICE [DKT. NO. 1]**

On September 9, 2015, the pro se plaintiff, Peter Anderson ("Anderson"), an inmate then incarcerated at the Huttonsville Correctional Center, filed this complaint pursuant to 42 U.S.C. § 1983, alleging that the defendants failed to respond to the emergency call button in his cell, refused him medical assistance, used excessive force, and sexually assaulted him (Dkt. No. 1). Pursuant to 28 U.S.C. § 636 and the local rules of this Court, the matter was referred to the Honorable James E. Seibert, United States Magistrate Judge, for initial review.

In a Report and Recommendation ("R&R") entered on September 18, 2017, Magistrate Judge Seibert recommended that the Court dismiss the complaint with prejudice because Anderson had failed to prosecute the matter (Dkt. No. 77). After reviewing the procedural history in the case, including Anderson's failure to appear at his

court-ordered deposition, the R&R concluded that Anderson had acted in bad faith by failing to appear at his deposition, that his actions had prejudiced the defendants, and that despite the court's efforts to accommodate him, Anderson had willfully failed to comply with its orders. Id. at 2-4, 5. Furthermore, it concluded that no sanction other than dismissal is appropriate under the circumstances. Id. at 6.

The R&R also informed the parties of their right to file "specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection." Id. It further warned that failure to do so may result in waiver of the right to appeal. Id. No party objected to the R&R.

When reviewing a magistrate judge's R&R, the Court must review de novo only those portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). On the other hand, "the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object." Dellacirprete v. Gutierrez, 479 F. Supp. 2d. 600, 603-04 (N.D.W. Va. 2007)(citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 2005)). Courts will uphold those portions of the recommendation to which no objection has been made unless they are "clearly

erroneous.” See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Because no party has objected, the Court is under no obligation to conduct a de novo review. Dellacirprete, 479 F. Supp. at 603-04. Upon review of the R&R and the record for clear error, the Court:

1) **ADOPTS** the R&R (Dkt. No. 77);

2) **DISMISSES** the complaint **WITH PREJUDICE** (Dkt. No. 1);

3) **DENIES as MOOT** the motion to dismiss filed by defendant Schellur (Dkt. No. 67); and

4) **DENIES as MOOT** the motion to dismiss filed by defendants Cassel, White, Pritt, James, James, Schellur, and Cutwright (Dkt. No. 73).

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel or record and the pro se plaintiff, certified mail and return receipt requested, to enter a separate judgment order, and to remove this case from the Court’s active docket.

DATED: February 8, 2018.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE